

# Missouri Court of Appeals
## Southern District
### Division One

KEHRER BROTHERS CONSTRUCTION, INC.,    )
                                       )
      Plaintiff-Appellant,            )
                                       )
   vs.                             )     No. SD33069
                                       )     Filed:  November 21, 2014
EDWIN J. GIRE, and                     )
BANK OF VERSAILLES, and                )
KENNETH L. MCCUTCHEON, JR., and        )
BUSEY BANK,                            )
                                       )
      Defendants-Respondents.         )

### APPEAL FROM THE CIRCUIT COURT OF CAMDEN COUNTY

Honorable Kenneth M. Hayden, Circuit Judge

**REVERSED AND REMANDED WITH DIRECTIONS**

Kehrer[1] Brothers Construction, Inc. ("Kehrer Brothers"), appeals the judgment of the trial court denying its petition to enforce a mechanic's lien.  Finding merit to one of Kehrer Brothers' points, we reverse and remand with instructions.

---

[1] In the judgment and transcript, "Kehrer" is inadvertently misspelled as "Keher."  For purposes of this appeal, we use the correct spelling of "Kehrer."

## Facts and Procedural History

In March 2006, Edwin J. Gire ("Gire") executed two deeds of trust and two $200,000 promissory notes in favor of Busey Bank, an Illinois Banking Corporation, secured by the following described real estate:

> All of Lot 9R of a subdivision of Lots 8, 9, and 10, amended plat to Harbor Heights Estates, a subdivision in Camden County, Missouri, according to the plat thereof on file and of record in the office of the Recorder of Deeds, Camden County, Missouri.

("the property").

On October 26, 2007, Kehrer Brothers, as "Contractor," entered into a "Subcontract Agreement"[2] with Gire, as "Subcontractor," to perform excavating work for Gire at a "Job Address" shown as "1171 Greenwood Circle[,] Osage Beach, MO 65065" ("jobsite"). There was no real estate description set forth in the Subcontract Agreement for the jobsite address.

On November 1, 2007, Kehrer Brothers began the excavation work and supplied the materials and machinery used in the excavation. The last work performed by Kehrer Brothers at the jobsite was on August 15, 2010. At that time, Kehrer Brothers claimed the sum of $480,637.50 was still due and unpaid by Gire.

On April 21, 2009, Busey Bank, by the terms of a subordination agreement, subordinated its two deeds of trust and promissory notes—secured by the property—to the Bank of Versailles. Thereafter, on April 30, 2009, the Bank of Versailles became the holder of a promissory note in the original principal amount of $1,650,000, and a deed of trust secured by the property, both executed by Gire.

---

[2] Joseph Kehrer testified that Kehrer Brothers had not changed their contract form since 1988 when they first started business and that is why the written agreement between Kehrer Brothers and Gire was a "Subcontract Agreement." Most of Kehrer Brothers' work was subcontracting work rather than general contracting. The header at the top of the Subcontract Agreement shows Kehrer Brothers' name, address and phone number.

On November 10, 2010, Kenneth L. McCutcheon, Jr. ("McCutcheon"), in his capacity as trustee under the Gire deed of trust, foreclosed on the Gire promissory note and deed of trust on behalf of the Bank of Versailles. Thereafter, on November 12, 2010, a trustee's deed on the property was recorded on behalf of the Bank of Versailles.

On February 14, 2011, Kehrer Brothers filed its "Statement of Mechanic's Lien" ("mechanic's lien") with the Circuit Clerk of Camden County.

In the mechanic's lien, Kehrer Brothers claimed a lien

for work and labor performed and materials and services furnished by it under contract and/or pursuant to a continuous running account with Edwin J. Gire, upon and for the building and improvements in Camden County and described as follows:

> All of Lot 9R of A SUBDIVISION OF LOTS 8, 9, AND 10, AMENDED PLAT TO HARBOUR [sic] HEIGHTS ESTATES, a subdivision in Camden County, Missouri, according to the Plat thereof on file and of record in the Office of the Recorder of Deeds, Camden County, Missouri.
>
> Together with a 2 well encapsulated steel and concrete dock.
>
> Subject to all restrictions, reservations and easements of record.

Together with all improvements thereon. Said real estate, buildings and improvements belonging to and being owned by Edwin J. Gire at the time the contract was entered into, at the time said work and labor were performed and the materials were furnished, and subsequently acquired by the Bank of Versailles through the foreclosure of its Deed of Trust on November 10, 2010, and, therefore, the owner of said real estate at the time of the filing of this statement of Mechanics [sic] Lien.

The mechanic's lien also contained an "Amended Notice of Rights (Pursuant to Section 429.016)"[3] directed to the Bank of Versailles as the "'Grantor' (Property Owner/s)" of the "'Property' Address" at 1171 Greenwood Circle, Osage Beach, Missouri 65065, and included the aforementioned legal description of the property.

---

[3] All references to statutes are to RSMo 2000, unless otherwise indicated.

On May 17, 2011, Kehrer Brothers filed its original petition for enforcement of its mechanic's lien, which was amended on June 13, 2012. The First Amended Petition consisted of two counts: "Count I Suit for Enforcement of Mechanic's Lien" requested judgment against Gire in the amount of $480,637.50, as well as a judgment against the Bank of Versailles declaring Kehrer Brothers' mechanic's lien superior to that of the bank, that the bank's foreclosure and acquisition of ownership of the property be subject to the Kehrer Brothers' mechanic's lien, and that if sufficient property of Gire could not be found to satisfy the judgment, that Kehrer Brothers have special execution against any "building, appurtenances, improvements and land above described to satisfy said judgment"; and "Count II Declaratory Judgment," declaring Busey Bank had no interest or lien, by way of its two prior promissory notes and deeds of trust, in and to the property.

A bench trial was held on May 20, 2013. Kehrer Brothers appeared by counsel, and McCutcheon appeared as counsel for Bank of Versailles and representing himself as trustee. Gire appeared without counsel. No appearance was made on behalf of Busey Bank. The parties stipulated that the Subcontract Agreement between Kehrer Brothers and Gire was a construction contract.

Joseph Kehrer testified on behalf of Kehrer Brothers and a portion of his testimony was directed to the address of the property:

> Q    And was the address of this -- of Ed Gire's property 1171 Greenwood Circle, Osage Beach, Missouri?
>
> A    I couldn't say for sure that's the address.
>
> . . . .
>
> Q    Let me have, if I could, Exhibit 2 again. And on page 5 of 26 of Plaintiff's Exhibit 2, what you call the summary statement, there's no customer name on that page, is there?

A       No.

Q       And there's not any address for the customer on that page 5 of 26 of Plaintiff's Exhibit 2?

A       No.

. . . .

Q       Would it be true that Edwin J. Gire was building a residential house on the land that Keher[sic] Brothers Construction, Inc. worked on?

A       I wouldn't think it would be considered residential, but yeah, he was building a place on his land.  I assume it was his land.

Gire testified on behalf of Kehrer Brothers.  He stated that he was "the former owner of the property at 1171 Greenwood Circle" in Osage Beach, and in 2007, he decided to add an addition to the existing house on that property and asked Kehrer Brothers to assist with the excavation work for that addition.  Gire identified the Subcontract Agreement as the agreement he signed with Kehrer Brothers.  Gire, a general contractor himself, was periodically at the jobsite overseeing the project.  Gire testified that the 1171 Greenwood Circle property was zoned for residential use and that in November 2007, there was an existing house on that land.

Kehrer Brothers then rested, at which time McCutcheon announced that neither he, nor the Bank of Versailles, had evidence to present.  Both sides presented closing arguments to the trial court.  McCutcheon argued that Kehrer Brothers failed to prove the work it performed for Gire at the jobsite address was the same real estate described by the legal description in its mechanic's lien.  It was argued that Kehrer Brothers did not put a deed into evidence that would have proven that the jobsite address and the real estate described in the mechanic's lien were one and the same property and was owned by Gire.

McCutcheon argued several times that in order for Kehrer Brothers to prove they were entitled to a mechanic's lien, Kehrer Brothers was required to put the deed to the property into

5

evidence and the absence of that proof required the trial court to rule against them. Thereafter, the following exchange occurred:

> [KEHRER BROTHERS' COUNSEL]: Your Honor, I don't want to get hung -- if the Court would permit to reopen the evidence for submission of the deed, we'd certainly be willing to do that. I don't want to have the Court hung up on this. I do think that the lien and the contract are enough, along with the testimony, and I don't think there's been any dispute that Mr. Gire is the owner of that property.
>
> THE COURT: I don't think there was any dispute he owned the property located at whatever that address is, 1171[]Greenwood Circle. We just don't know what 1171 Greenwood Circle is.
>
> [MCCUTCHEON]: We'd object to any reopening of the case.
>
> THE COURT: I'm not going to allow us to reopen.

The trial court then announced it was taking the matter under advisement and gave each party ten days to submit trial briefs.

On August 28, 2014, the trial court entered its "Judgment, Entry and Order." The trial court found:

> 2. It is further alleged in the First Amended Petition that [Gire] was the owner of the afore described real estate at the time he entered into a time and materials contract to perform certain earth moving and excavating activities on the afore described real estate with [Kehrer Brothers]. [Kehrer Brothers] bears the burden of proving compliance with the essential elements of the applicable statutes in order to be entitled to a Mechanic's Lien. In the case at bar, Plaintiff therefore is required to establish that [Gire] was the owner of the afore described real estate and that [Kehrer Brothers'] work, labor, materials and services were furnished for improvements on the afore described real estate.

6

3.      [Kehrer Brothers] offered evidence at trial that [Gire] owned a residence located at 1171 Greenwood Circle, Osage Beach, Missouri. [Kehrer Brothers] did not offer any evidence at trial that [Gire] was the owner of [the real estate described in the Mechanic's Lien Statement]. The only evidence offered at trial that ties the residence located a[t] 1171 Greenwood Circle, Osage Beach, Missouri to the afore described real estate was the lien statement admitted at trial as Plaintiff's Exhibit 2. Although admitted at trial to establish the statutory requirements of Section 429.080 had been complied with by [Kehrer Brothers], [Kehrer Brothers], nevertheless, bears the burden of proving evidence which proves that the contents of its Mechanic's Lien Statement are true. If this were not the case, the Mechanic's Lien Statement would be self-proving and there would be no need for a trial.

4.      Therefore the Mechanic's Lien Statement admitted by this [c]ourt as Exhibit 2 in and of itself is not evidence that [Gire] owned the real estate [described in the Mechanic's Lien Statement]. Neither is the Mechanic's Lien Statement itself evidence that [Kehrer Brothers'] work, labor, materials and services were furnished for improvements on the afore described lands. Therefore as to Separate Defendants Bank of Versailles and [McCutcheon], [Kehrer Brothers] has failed to prove the essential elements required for the establishment of a Mechanic's Lien as to those two Separate Defendants.

The trial court entered judgment on Count I in favor of the Bank of Versailles and McCutcheon, and a judgment in favor of Kehrer Brothers against Gire in the amount of $480,637.50. In Count II, the trial court declared Busey Bank had no interest in or lien upon the property.

On September 26, 2013, Kehrer Brothers filed its "Motion to Amend or Modify the Judgment or, in the Alternative, for a New Trial" as to enforcement of its mechanic's lien. That motion was denied by the trial court on November 22, 2013. This appeal followed.

On appeal, Kehrer Brothers presents two points. In its second point, Kehrer Brothers contends that the trial court erred in failing to reopen the evidence to allow Kehrer Brothers to introduce further evidence that Kehrer Brothers performed work at the property described in the mechanic's lien. We agree.

7

**Standard of Review**

We review a trial court's decision on a request to reopen evidence for abuse of discretion. *In re Marriage of Parmenter*, 81 S.W.3d 234, 240 (Mo.App. S.D. 2002). "[T]o demonstrate an abuse of discretion, the complaining party must show the trial court's decision was against the logic of the circumstances and so arbitrary and unreasonable as to shock one's sense of justice." *Howard v. City of Kansas City*, 332 S.W.3d 772, 792 (Mo. banc 2011).

A circuit court has broad discretion in deciding whether to admit or exclude evidence, and we accord the ruling substantial deference and presume it to be correct. *KC Excavating and Grading, Inc. v. Crane Constr. Co.*, 141 S.W.3d 401, 407 (Mo.App. W.D. 2004). "It is the appellant's burden to persuade us that the circuit court abused its discretion and that the abuse resulted in prejudice. Even an erroneous evidentiary ruling will not warrant a reversal in the absence of prejudice." *Id.* at 408 (internal citation omitted). "We recognize that ordinarily when there is no inconvenience to the court nor unfair advantage to one of the parties it would be an abuse of discretion upon the refusal to permit the introduction of material evidence which might substantially affect the merits of the case." *Matter of Viviano's Estate*, 624 S.W.2d 130, 133 (Mo.App. E.D. 1981) (citing *Pride v. Lamberg*, 366 S.W.2d 441 (Mo. banc 1963)); *see also In re Estate of Mapes*, 738 S.W.2d 853, 856 (Mo. banc 1987) (remanding for new trial where the trial court refused to reopen the case so that a party could present "clearly material and possibly outcome determinative" evidence).

**Analysis**

The trial court abused its discretion in refusing to reopen the evidence. *Mapes*, 738 S.W.2d at 856. "*Pride* and its progeny have repeatedly stated the principle that if the court is not inconvenienced and there is no unfair advantage, then it is an abuse of discretion to refuse to

reopen to receive evidence that is material and possibly outcome determinative." ***LaFevers v. Clothiaux***, 403 S.W.3d 653, 658 (Mo.App. S.D. 2012) (bold emphasis added).

In ***Mapes***, the heirs at law and residuary legatees of a will brought an action to discover estate assets alleging that joint deposits in the name of decedent, decedent's attorney and attorney's brother were the product of fraud and undue influence. ***Id.*** at 854. At the close of plaintiffs' case, the trial court granted a request for directed verdict in favor of defendants, concluding that plaintiffs failed to meet their burden of proving fraud or undue influence, and that they failed to establish that the transfer to attorney and his brother was made during the course of the attorney-client relationship between attorney and decedent. ***Id.*** During argument on the motion to direct a verdict in favor of defendants, plaintiffs requested leave to reopen their case, seeking to introduce defendants' answers to interrogatories and to call defendant-attorney to the witness stand to show the existence of an attorney-client relationship at the time the joint accounts were created. ***Id.*** The trial court denied plaintiffs' request. ***Id.***

On transfer, our Supreme Court held:

> Under the holding in *Pride*, plaintiffs should have been permitted the opportunity to reopen their case at trial. Plaintiffs sought to examine defendant [attorney] and admit his answers to interrogatories for the purpose of establishing that an attorney-client relationship existed between [decedent] and [attorney] at the time the joint deposits were created. By establishing this fact, the plaintiffs could have avoided a directed verdict. Thus, the evidence which they sought to present was clearly material and possibly outcome determinative. Furthermore, granting leave to reopen would not have inconvenienced the court or prejudiced the defendants given the fact that the request was made prior to the granting of a directed verdict, and, at a time when the jury and witnesses were readily available. If a plaintiff, by mistake or inadvertence, fails to produce sufficient evidence at trial to prove his claim, in a situation where the proof seems to be available, the case should be remanded to permit the introduction of additional evidence.

9

Here, plaintiffs mistakenly believed that the trial court would recognize a presumption of fraud and undue influence which would allow them to take their case to the jury. As a result they earlier failed to call and examine defendant [attorney] or introduce his answers to interrogatories. Plaintiffs should be given an opportunity to present such evidence at trial.

*Id.* at 855-56 (internal citations omitted).

Kehrer Brothers was required to put on proof of "a true description of the property, or so near as to identify the same" under section 429.080. In its judgment, the trial court premised its decision to deny Kehrer Brothers' request to enforce its mechanic's lien on the fact that Kehrer Brothers failed to provide a true legal description of the property under section 429.080, and that the address in evidence and the legal description were the same property owned by Gire at the time the work was done.

As the trial court noted, Kehrer Brothers did put on evidence that Gire "owned a residence located at 1171 Greenwood Circle, Osage Beach, Missouri." Kehrer Brothers, as is evident from the transcript, apparently believed that this evidence, combined with the statement of mechanic's lien, was sufficient to meet its burden under section 429.080. To the extent that the trial court believed that this evidence was insufficient, it should have granted Kehrer Brothers' request to reopen the evidence.

This additional evidence relating to the property description under section 429.080 was clearly material, as was directly alluded to by McCutcheon, and as reflected by the trial court's reliance on the absence of such evidence in rendering judgment in favor of McCutcheon and the Bank of Versailles. Further, granting leave to reopen would not have inconvenienced the trial court or prejudiced McCutcheon and Bank of Versailles as the request to reopen was made prior to the entry of judgment, witnesses would still have been available to both parties, and

10

McCutcheon and the Bank of Versailles would have had the opportunity to put on their own evidence in response after the evidence was reopened.

It was further evident that the evidence was readily available. As counsel for Kehrer Brothers explicitly stated: "Your Honor, I don't want to get hung -- if the Court would permit to reopen the evidence for submission of the deed, we'd certainly be willing to do that. I don't want to have the Court hung up on this."[4]

Further, we are also struck by the minimal consideration given by the trial court to Kehrer Brothers' request to reopen in order to present material and possibly outcome-determinative evidence. After counsel for Kehrer Brothers requested the evidence be reopened, the trial court, without the benefit of argument, research, or briefing, abruptly ruled that it would not reopen the evidence.

Under these facts, it was an abuse of discretion for the trial court to refuse to reopen the evidence to allow Kehrer Brothers to present evidence of the property description pursuant to section 429.080.

By our decision, we express no opinion as to whether admission of the deed, or further evidence concerning the property, satisfies Kehrer Brothers' burden of proof as to its mechanic's lien. Likewise, our decision is not to be read to require that a deed to real property is always required as a part of proof in a mechanic's lien claim. Our decision is limited to the record before us here.

This matter is remanded with instructions that the trial court reopen the evidence to permit Kehrer Brothers to introduce further evidence establishing that Kehrer Brother's work

---

[4] Additionally, as was discussed in oral arguments, the Camden County recorder's office was in the same building as the courtroom where these arguments were taking place.

was performed at the real property described in the lien statement and for any other proceedings consistent with this opinion.

WILLIAM W. FRANCIS, JR., C.J./P.J. - OPINION AUTHOR

JEFFREY W. BATES, J. - Concur

DANIEL E. SCOTT, J. - Concur